AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Western District of Texas | |
|---|---|---|
| Name (under which you were convicted):<br>William Rhomer | | Docket or Case No.:<br>5: 21-cv-00047 |
| Place of Confinement:<br>McConnell Unit, 3001 South Emily Dr., Beeville, TX 78102 | | Prisoner No.:<br>TDCJ # 02039278 |
| Petitioner (include the name under which you were convicted)<br>William Rhomer<br>v. | Respondent (authorized person having custody of petitioner)<br>Bryan Collier, Executive Director, Texas Department of Criminal Justice | |
| The Attorney General of the State of: Texas | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   290th Judicial District Court, Bexar County, TX

   (b) Criminal docket or case number (if you know): 2012-CR-9066

2. (a) Date of the judgment of conviction (if you know): 12/08/2015

   (b) Date of sentencing: 12/08/2015

3. Length of sentence: 75 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: Murder

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Fourth Court of Appeals, San Antonio, Texas

(b) Docket or case number (if you know):   04-15-00817-CR

(c) Result:   Conviction Affirmed

(d) Date of result (if you know):   04/12/2017

(e) Citation to the case (if you know):   522 S.W.3d 13 (Tex. App.—San Antonio 2017)

(f) Grounds raised:   1. The trial court abused its discretion when it allowed Detective Doyle to testify as an expert on accident reconstruction involving a motorcycle without any training, experience or any other required qualifications. 2. The trial court abused its discretion when it admitted Detecitve Doyle's opinion on how the accident occurred despite his opinion not being reliable. 3. The trial court abused its when it allowed officer Graham to give lay opinion testimony under 701 that he did not believe appellant's version of how the accident happened despite having no background in accident reconstruction. 4. The trial court's errors had a cumulative effect, rendering appellant's trial fundamentally unfair.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Texas Court of Criminal Appeals

(2) Docket or case number (if you know):   PD-0448-17

(3) Result:   Conviction Affirmed. Concurring opinion by Judge Walker

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): 01/30/2019

    (5) Citation to the case (if you know): 569 S.W.3d 664 (Tex. Crim. App. 2019)

    (6) Grounds raised: 1. Did the appellate court, in affirming the trial court's decision to admit the expert testimony, violate TX rule of Evidence 702? 2. Did the appellate court use the Nenno standard instead of Kelly for accident reconstruction? 3. Should the Nenno standard instead of Kelly apply when an expert does not apply any scientic testing or theory?

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): N/A

    (2) Result: N/A

    (3) Date of result (if you know):

    (4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: Texas Court of Criminal Appeals

    (2) Docket or case number (if you know): WR-91,161-01

    (3) Date of filing (if you know): 01/16/2020

    (4) Nature of the proceeding: Stated 11.07 writ of habeas corpus

    (5) Grounds raised: 1. Applicant Received Ineffective Assistance of Counsel

    2. Due Process was violated when the state relied on false "expert" testimny to convict Applicant.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☑ No

    (7) Result: Writ denied without opinion. Judge Walker wrote a dissenting opinion.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): 11/04/2020

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☐ No

    (7) Result: N/A

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

AO 241 (Rev. 09/17)

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes  ☐ No

  (7) Result: N/A

  (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition: ☐ Yes ☑ No

  (2) Second petition: ☐ Yes ☑ No

  (3) Third petition: ☐ Yes ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Texas does not provide a procedure to appeal the Court of Criminal's decision on an 11.07 writ.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner received ineffective assistance of counsel in violation of the 6th amendment to the U.S. Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The accident occurred on May 2, 20212 and Petitioner retained Brendan Duganne who did little to nothing for 3 years. James Tocci was appointed on June 29, 2015 and was ordered to trial in November 2015. Tocci failed to hire an expert in accident reconstruction to assist on case, failed to ask proper questions of the state's expert to properly challenge his qualifications and conclusions. Had Tocci done so, the state's expert's testimony would have been excluded because the testimony was false, unreliable, and misleading. This "expert" testimony was the only evidence Petitioner caused the accident & it was prejudicial. Without a proper expert, he was prejudiced.

(b) If you did not exhaust your state remedies on Ground One, explain why: This issue was fully raised in the state writ and Judge Scott Walker in a dissenting opinion agreed that Petitioner received ineffective counsel.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: The trial record was not sufficiently developed to raise ineffective counsel on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07 state writ of habeas corpus.

Name and location of the court where the motion or petition was filed: Filed in the 290th Bexar County Dist. Court and ultimately decided by the Texas Court of Criminal Appeals.

Docket or case number (if you know): Bexar County #2012-CR-9066-W1. CCA #WR-91,16-01

Date of the court's decision: 11/04/2020

Result (attach a copy of the court's opinion or order, if available): Writ denied. Judge Walker dissented and found Petitioner received ineffective counsel. His opinion is attached.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Texas does not provide a procedure to appeal the Court of Criminal Appeals' decision on 11.07 writs.

AO 241 (Rev. 09/17)

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   This issue was raised in state habeas.

**GROUND TWO:**   Due process was violated when the state relied on false "expert" testimony to convict Petitioner. 5th and 14th Amendments to the U.S. Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Det. Doyle gave expert testimony for the state that Petitioner caused the accident but after trial, Petitioner hired an expert in accident reconstruction who concluded Doyle did not employ the basics of accident reconstruction, assumed an area of impact without basing his assumption on science of accident reconstrucion, did not apply scientific theory to calculate speeds and assumed closing speeds for his "reconstruction." Without speed calculations, he could not opine on pre-impact vehicle positions. Had he applied correct science, speed could have been calculated. Doyle could not provide any photo evidence that he relied on, claiming they were "crappy". Doyle did not do an accident reconstruction based on science. He based is expert opinion and conclusions on assumptions and speculation. This testimony was false and unreliable but used to convict Petitioner.

(b) If you did not exhaust your state remedies on Ground Two, explain why:   This issue was raised in Petitioner's 11.07 state writ of habeas corpus.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Doyle's testimony was challenged on appeal, but since trial cousnel did not retain an expert to challenge his testimony, it could not have been raised as a false testimony claim.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   11.07 state writ of habeas corpus.

Name and location of the court where the motion or petition was filed:   Filed in the 290th Bexar County Dist. Court and ultimately decided by the Texas Court of Criminal Appeals.

Docket or case number (if you know):   Bexar County #2012-CR-9066-W1. CCA #WR-91,16-01

AO 241 (Rev. 09/17)

Date of the court's decision: 11/04/2020

Result (attach a copy of the court's opinion or order, if available): Writ denied on this issue. No opinion.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Texas does not provide a procedure to appeal the Court of Criminal Appeals' decision on 11.07 writs.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: This issue was raised in state habeas.

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

 If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   N/A

 (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

 No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:   Brendan Duganne. No longer eligible to practice law in Texas.
   Address unknown.

   (b) At arraignment and plea:   N/A

   (c) At trial:   James Tocci
   222 S. Flores St., San Antonio, TX 78204

   (d) At sentencing:   James Tocci
   222 S. Flores St., San Antonio, TX 78204

   (e) On appeal:   Dayna Jones
   1800 McCullough Avenue, San Antonio, TX 78212

   (f) In any post-conviction proceeding:   Dayna Jones, Law Office of Dayna L. Jones
   1800 McCullough Avenue, San Antonio, TX 78212

   (g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:   N/A

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   The opinion in Petitioner's Petition for Discretionary Review issued January 30, 2019 and he did not
   seek certiorari. The expiration of the time for seeking such review expired 90 days after Jan. 30, 2019.
   His state 11.07 writ of habeas was filed January 16, 2020, thus 104 days remained until the 1 year time
   stopped pending conclusion of the state habeas which was on November 4, 2020.
   Thus, the deadline for filing this §2254 is February 16, 2021 and this timely filed on January 20, 2021.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant relief in Grounds I and II, reverse Petitioner's conviction for Murder, and remand for a new trial

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   1-14-2021   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.